ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2018 JUN -8 PM 2:02

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0522-17 |
| ) | |
| v. | ) |
| ) | |
| ANNETTE ROSE ANDERSON, | ) FINDINGS OF FACT AND CONCLUSIONS |
| DOB:03/14/1983, | ) OF LAW RE: COMPETENCY AND |
| ) | RESTORABILITY AND |
| DEFENDANT. | ) ORDER FOR DISMISSAL |
| ) | (MENTAL HEALTH COURT) |
| ) | |

## I.     Introduction

This matter came is assigned to the Mental Health Court Docket of Family Court I currently presided over by the Honorable Maria T. Cenzon. On May 15, 2018 Defendant Annette Rose Anderson ("Defendant") appeared before this Court for a Further Proceedings Re: Competency. Defendant was represented by Assistant Public Defender Alysia Molyneux. Also present were Assistant Attorney General Terry VanEaton for People of Guam (the "People") and other stakeholders in the Mental Health Court. The Court accepted the stipulation of the parties that Defendant is incompetent and that there is no substantial likelihood that she will regain her competency in the foreseeable future.[1]

The Court issues these findings of facts and conclusions of law memorializing its determination pursuant to 8 Guam Code Annotated ("GCA") § 7.43(f).   The Court's determination is based upon the parties' oral stipulation re: Defendant's Competency and Restorability; the follow-up evaluation conducted by Dr. Kirk Bellis, D.O. ("Dr. Bellis") (Mar. 30, 2018); the parties' Stipulation of Fact and Order Re: Defendant's Incompetency to Stand

---

[1] Digital Recording at 9:30:40 (Further Proceedings, May 15, 2018).

Trial (Dec. 7, 2017) issued by the Honorable Vernon P. Perez ("Judge Perez"); the Forensic Evaluation conducted by Dr. Bellis (Nov. 9, 2017); and the Court's own observations and interactions with the Defendant.

## II. Findings of Fact

1. Defendant was indicted on a charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (as a 3rd Degree Felony) in violation of 9 GCA §§ 67.401.2(a) and (b)(1). Indictment (Sep. 12, 2017).

2. Dr. Bellis performed a Forensic Evaluation (Nov. 9, 2017) of Defendant and, in his professional opinion, Defendant's mental state may preclude her from being found competent. Although he stated competency may be restored if Defendant is on medication consistently, that opinion cannot be made certain, at that time.

3. Following receipt of the forensic evaluation, the parties submitted a Stipulation of Fact and Order Re: Defendant's Incompetency to Stand Trial (Dec. 7, 2017). Due to Defendant's incompetency to stand trial, Judge Perez ordered this matter be transferred to the Mental Health Court for disposition.

4. On December 19, 2017, this matter was transferred to this Court's Family Court I Mental Health Court docket.

5. This Court issued an Order After Hearing (OAH) Re: Follow-Up Evaluation on Competency and Restorability (Jan. 18, 2018), however, despite the filing of an Affidavit of Service of said OAH, the Court did not receive any reports. Thus, the Court issued another OAH Re: Follow-Up Evaluation (Mar. 21, 2018).

6. In response, Dr. Bellis performed a follow up evaluation (Mar. 30, 2018) of Defendant and opined Defendant's history of substance abuse can lead to irreversible brain damage. Further, it is his opinion that the changes in Defendant's brain are irreversible and her chances of being restored are not possible. Lastly, Dr. Bellis recommends a service plan is developed to ensure Defendant's future success and stability.

7. Although the parties appeared before this Court for a Further Proceedings on April 3, 2018, the Court was not prepared to make a final legal disposition without an identified treatment plan for Defendant. Thus, the Court continued the matter to May 15, 2018, wherein Mental Health Court Case Manager James Guerrero represented to the Court that a treatment plan was developed, a social worker has been assigned, and that Defendant has voluntarily and willingly attended her appointments.

## III. Conclusions of Law

1. Under Guam law, a Defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness, disease or defect, she is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with her counsel, (3) to follow the evidence, or (4) to participate in her defense. 8 GCA § 7.37(a).

2. The Mental Health Court does not disturb earlier findings of that suspended prosecution of Defendant and transferred her matters to the Mental Health Court upon findings that Defendant is incompetent to be proceeded against because "deference is given to the trial court's resolution of the competency issue." *People v. Hemsing*, 2012 Guam 19 ¶ 31.

3. Pursuant to 8 GCA § 7.43(f), if the Court determines that the defendant is incompetent and that there is no substantial likelihood that she will regain her competency in the foreseeable future, "the court, upon its own motion, or upon motion of either party, and after reasonable notice to the other party and *an opportunity to be heard*, shall dismiss the pending indictment … and order the defendant to be released or order the commencement of any available civil commitment proceedings." (emphasis added).

4. In its interpretation of this statute, the Supreme Court of Guam opined, although a competency hearing is not required under 9 GCA § 7.43, the trial court must still

provide the People with notice and an opportunity to be heard prior to dismissal of the case. *People v. Hemsing*, 2012 Guam 19 ¶ 30.

5. Additionally, that a trial court can properly make a determination as to competency solely on the basis of reports filed with the court pursuant to section 7.25. *Id.* ¶ 12.

6. In this case, both parties were given an opportunity to be heard at the Further Proceedings held on May 15, 2018, and without objection and upon the stipulation of the parties, the Court determined Defendant is incompetent and cannot be restored to competency.

7. The Court's determination primarily relies on the follow-up evaluation conducted by Dr. Bellis (Mar. 30, 2018), the initial forensic evaluation conducted by Dr. Bellis (Nov. 9, 2017), and the relevant record of this case.

8. Additionally, as represented by Defendant's MHC Case Manager, the Court is satisfied with the current treatment plan intended for Defendant and Defendant's willingness to attend and seek treatment.

## IV. Conclusion and Order for Dismissal

1. Finding a final disposition of this matter is now appropriate and without objection from either party, the Court Orders DISMISSAL of the above-captioned matter.

2. No further proceedings are scheduled for this matter.

SO ORDERED this _____ **JUN 0 8 2018** _____.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG's, PDSC

Date: 6/8/18  Time: 2:05 p
Antonio R. Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM